JAMES DEMARCO BOGAN,      )
                                   )
          Petitioner,      )
                                   )
     v.                )       CAUSE  NO. 3:18-CV-159-JD-MGG
                                   )
SHERIFF,                 )
                                 )
          Respondent.    )

## OPINION AND ORDER

James DeMarco Bogan, a *pro* se prisoner, filed a habeas petition under 28 U.S.C.

§ 2254 in the United States District Court for the Western District of Michigan, which

recently transferred the case here. ECF 1, 8. In the petition, Bogan challenges his

November 15, 2017, State conviction and sentence in Case No. 71D08-1608-F5-168

imposed by the St. Joseph County Superior Court. ECF 1.

Before considering the merits of a habeas petition, the court must ensure that the

petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A);

*Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the

Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court
> remedies before seeking relief in habeas corpus, *see* 28 U.S.C. §
> 2254(b)(1)(A), is the duty to fairly present his federal claims to the state
> courts . . . . Fair presentment in turn requires the petitioner to assert his
> federal claim through one complete round of state-court review, either on
> direct appeal of his conviction or in post-conviction proceedings. This
> means that the petitioner must raise the issue at each and every level in
> the state court system, including levels at which review is discretionary
> rather than mandatory.

*Id.* at 1025-26 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief is not available. *See id.*

In his petition, Bogan states that he appealed his conviction, but is unsure whether his direct appeal is still pending. ECF 1 at 1. Upon review of the online docket, it is clear that Bogan's direct appeal remains pending in the Indiana Court of Appeals. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6 Ik1HUTBNak15T0RFMU1ETXdPak0yTnpnNME16a3lNems9In19. Therefore, he has not yet exhausted his State court remedies. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed, but the dismissal will be without prejudice to his right to file a new petition after exhausting his available state court remedies. As a result, the motion (ECF 6) to amend his habeas petition and motion (ECF 5) requesting more time to cure deficiencies are both moot.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Bogan's one-year limitations period to file in federal court has not yet begun to accrue. It will not do so until after his time to file a petition to transfer his direct appeal with the Indiana Supreme Court expires. Ind. R. App. P. 57(C)(1). Consequently, it appears as though Bogan will still have all of his 365 days to file a federal habeas corpus action after the completion of his State direct appeal. Therefore, dismissing this petition will not effectively end his chance at habeas corpus review

because he will have ample time to return to this court after he exhausts his claims in State court. Thus, a stay would not be appropriate in this case.

Finally, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied.

For these reasons:

(1) James DeMarco Bogan's petition (ECF 1) is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES because the claims are unexhausted;

(2) Bogan is DENIED a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) the miscellaneous motions (ECF 5, 6) are DENIED as moot.

SO ORDERED on March 7, 2018.

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court